UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-MJ-00005-SMM

FILED BY_____MB_____D.C.

Jan 29, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES OF AMERICA

v.

ALEX GUEVARA-MENDOZA,

   Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ Justin L. Hoover
**JUSTIN L. HOOVER**
Assistant United States Attorney
Court ID No. A5502493
101 S. U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel: (772) 466-0899
Justin.Hoover@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

AUSA Justin L. Hoover

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY ___MB___ D.C.
Jan 29, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

United States of America
v.
ALEX GUEVARA-MENDOZA,

Defendant(s)

Case No.  26-MJ-00005-SMM

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 14, 2026__ in the county of __Saint Lucie__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Previously Removed Alien Found in the United States. |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
Complainant's signature

Angelo Zaravelis, Deportation Officer, ICE
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by videoconference.

Date: __January 29, 2026__

_____
Judge's signature

City and state: __Fort Pierce, Florida__

Shaniek Mills Maynard, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Angelo Zaravelis, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and have been employed in a similar capacity since 2007. I am currently assigned to Enforcement and Removal Operations ("ERO"), Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause that Alex GUEVARA-MENDOZA ("GUEVARA-MENDOZA") committed the offense of being a previously removed alien found in the United States, in violation of 8 U.S.C. § 1326(a).

3. On or about January 14, 2026, the St. Lucie County Sheriff's Office arrested GUEVARA-MENDOZA in St. Lucie County, Florida for a state offense. As part of the booking process at the St. Lucie County Jail, GUEVARA-MENDOZA was fingerprinted and the St. Lucie County Jail alerted ICE officials to GUEVARA-MENDOZA's presence in the United States.

4. I reviewed documents from GUEVARA-MENDOZA's immigration file, which show that he is a native and citizen of Honduras, that he was previously ordered removed from the United States, and that he was removed from the United States to Honduras on January 8, 2019.

5. Thereafter, GUEVARA-MENDOZA illegally reentered the United States. On May 31, 2024, GUEVARA-MENDOZA was again removed from the United States to Honduras.

6. Law enforcement scanned the January 14, 2026, fingerprints of GUEVARA-MENDOZA into a DHS biometric database. The results confirmed that GUEVARA-MENDOZA is the individual that was previously removed from the United States.

7. Agents performed a record check in the Computer Linked Application Informational Management System ("CLAIMS"), to determine if GUEVARA-MENDOZA ever filed an application for permission to reapply for admission into the United States after deportation or removal. A search in that database system verified that no records exist indicating that GUEVARA-MENDOZA obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security for re-admission into the United States as required by law.

8. On January 26, 2026, I interviewed GUEVARA-MENDOZA. Post-<u>Miranda</u>, GUEVARA-MENDOZA stated that he is a citizen of Honduras and Mexico, that he was previously removed from the United States, that he reentered the United States without being inspected, and that he did not request permission to reenter the United States.

9. Based on the foregoing, Alex GUEVARA-MENDOZA committed the offense of being a previously removed alien found in the United States, in violation of 8 U.S.C. § 1326(a).

_____
Angelo Zaravelis
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me, by videoconference, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure, in Fort Pierce, Florida, this <u>29th</u> day of <u>January</u>, 2026.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE